Albert G. HOLLIDAY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15426.

United States Court of Appeals
Ninth Circuit.

May 20, 1957.

Albert G. Holliday, Steilacoom, Wash.,
in pro. per.

Charles P. Moriarty, U. S. Atty.,
Seattle, Wash., Guy A. B. Dovell, Charles
W. Billinghurst, Tacoma, Wash., for appellee.

Before HEALY, FEE and HAMLEY,
Circuit Judges.

HEALY, Circuit Judge.

This case is here on appeal from a denial by the court below (Judge Boldt) of a petition for habeas corpus.

It appears that in December of 1952 the petitioner was convicted in a superior court of the State of California of a narcotics offense, from which conviction he appealed. In the interim between the conviction and the decision on the appeal he was for a time released from custody upon his posting an appeal bond. It further appears that in April, 1953, he was again arrested by California authorities, this time on a charge of grand theft of which he later either pleaded guilty or was convicted.[1]

In May, 1953, petitioner was arrested by federal officers and charged in the United States District Court for the Southern District of California on two counts with the offense of bringing narcotics into the United States. He pleaded guilty to this charge on July 3, 1953, and was sentenced by the court in the following language:

"As to Count 1, it is the judgment of the court that you be committed to the custody of the Attorney General of the United States [for a term of three and one-half years] * * *; as to Count 2, that you be committed to the custody of the Attorney General for imprisonment for two years * * * to run concurrently."

The commitment form issued July 3, 1953, reads:

"It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of [three and one-half years] * * *"

Immediately following imposition of this sentence, petitioner was returned to the Los Angeles County jail.

Petitioner's appeal to the California appellate courts in the state narcotics

---

1. It is inferable that because of this second arrest his appeal bond, above mentioned, was revoked by the state authorities.

case, noticed above, resulted in an affirmance on November 15, 1953. Following affirmance, he was transferred to a state penal institution to serve his state sentences. Upon his release from this institution in July, 1956, he was turned over to the federal authorities and was by them committed to the Federal Penitentiary at McNeil Island.

In September, 1956, he instituted the present proceeding. In his petition he set out as facts that he was arrested by federal authorities May 18, 1953; that at the time of the arrest he was out on "bail" pending the outcome of an appeal from his state conviction; that he was sentenced on July 3, 1953, by the federal district court for a term of three and one-half years; and that on November 15, 1953, his appeal in the state court eventuated in an affirmance of his state sentence. On the basis of these "facts" he argued in his petition that his federal sentence had begun July 3, 1953, and had expired, and that this conclusively appeared from the commitment papers of that sentence. (These papers we have quoted verbatim above.)

An Order to Show Cause was issued by the trial court to respondent, the warden of McNeil Island Penitentiary, and that official appeared at a hearing held in open court. At the conclusion of this hearing, the court made findings and entered an order dismissing the petition. The judge found, among other things, that prior to the time of entry of the federal judgment, petitioner was in the custody of the authorities of the State of California, and that after trial and imposition of sentence he was remanded to the custody of those authorities, and, in due course, was required to serve sentences imposed by the state court, hence, that his federal sentence did not begin to run until his release from state prison in July, 1956.

Shortly following this determination he filed a second petition for the writ. A comparison of this document with the first reveals nothing new in the way of alleged facts or legal argument, except that in the second he significantly conceded that "the petitioner's bail had been revoked in the state case before the petitioner was sentenced by the United States District Court." See in this connection footnote 1 above. This statement would appear to be confirmatory of the correctness of the trial court's finding and order dismissing the first petition.

Upon consideration of this second petition, the court ordered its dismissal on the ground that all of the contentions of fact and law made below had previously been disposed of.

In the briefs submitted to this court on his appeal, petitioner makes numerous assertions of fact which nowhere appear in any of his petitions or memoranda below, or in the record. The more important of these assertions are that petitioner, prior to sentencing in the federal court, was held as a federal prisoner, first in El Centro jail and then in the Los Angeles County jail, and that following the federal sentence he was lodged as a federal prisoner in the "federal tank" of the Los Angeles County jail until November, 1953. Petitioner asserts that the "federal tank" in the county jail is a federal prison and that while there he was serving his federal sentence.

This court may consider only the record made in the trial court. It is not itself a fact-finding tribunal. Moreover, as already seen, the assertions of fact made in petitioner's brief run counter to the admission he made in his second petition for the writ.

The order below is affirmed.